UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLIOIS

| | |
|---|---|
| Martha Lara, on behalf of her minor daughter, M.G., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Kimberly George, Amy Olivia, Kanisha Pettis, and the Waukegan Community Unit School District No. 60 Board of Education, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

Plaintiff, Martha Lara, on behalf of her minor daughter, M.G., by and through her attorney, T. Andrew Horvat of Horvat Law, LLC, brings this action pursuant to 42 U.S.C. §1983 for violations of federal and state law against Defendants Kimberly George, Amy Oliva, Kanisha Pettis, and the Waukegan Community Unit School District #60 Board of Education. In support thereof, Ms. Lara asserts as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 as Plaintiff seeks redress for Defendants' violation of federal law.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper pursuant to 28 U.S.C. U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

1

**Parties**

4. Martha Lara is the Plaintiff and mother of her 15-year-old minor daughter, M.G., who was at all relevant times a student at Waukegan High School located in Waukegan, IL.

5. Defendant Kimberly George ("Defendant George" or "George") was at all relevant times employed by Defendant Waukegan Community Unit School District #60 Board of Education as an Assistant Principal.

6. Defendant Amy Oliva ("Defendant Oliva" or "Oliva") was at all relevant times employed by Defendant Waukegan Community Unit School District #60 Board of Education as an Educational Safety Specialist.

7. Defendant Kanisha Pettis ("Defendant Pettis" or "Kanisha") was at all relevant times employed by Defendant Waukegan Community Unit School District #60 Board of Education as a Culture and Climate Specialist.

8. Defendant Waukegan Community Unit School District #60 Board of Education ("the Board") administers, oversees, and establishes policy for schools comprising the Waukegan Community Unit School District #60, including Waukegan High School in Waukegan, IL.

**FACTUAL ALLEGATIONS**

9. The use of physical restraint against a student attending public school in the State of Illinois is regulated by the Illinois School Code and the Illinois Administrative Code that mandate, among other matters, the circumstances under which physical restraint can occur, the circumstances in which it can be employed, who may use physical restraint, the training required to be eligible to employ physical restraint, and the documentation that must occur resulting from its use. *See, e.g.*, 105 ILCS 5/10-20.33; 23 Ill. Adm. Code 1.285.

10. To implement these rules and regulations, the District has enacted Policy No. 6048 regarding the use of physical restraint by District employees, the training of employees in using physical restraint, and the documentation and reporting of the use of physical restraint.

11. In accordance with State law and District Policy No. 6048, District employees must be trained before they are allowed to use physical restraint against District students.

12. Moreover, pursuant to State law and District Policy No. 6048, District employees who use physical restraint upon District students must promptly and accurately report the incident in which physical restraint was used and undertake further training because of its use.

13. Pursuant to District Policy No. 6048, the Superintendent, Theresa Plascencia, is responsible for "ensuring compliance with this policy and its regulations, [and] its periodic review and annual reporting to the Board on the use of these interventions in the Waukegan Public Schools."

14. In turn, the Board supervises Superintendent Plascencia in all matters relevant to the Superintendent's duties, including the implementation, supervision, and compliance with District Policy No. 6048.

15. District Policy No. 6048 was in effect on September 28, 2022.

**Defendant George Attacks M.G.**

16. On or about September 28, 2022, during regular school hours, M.G. was exiting the administrative offices located in the Brookside Campus of Waukegan High School ("WHS").

17. At approximately the same time, Defendant George also exited the same administrative offices via an adjacent door several yards away.

18. Defendant George is significantly larger in stature than M.G. and was so at the relevant time.

19. As M.G. and Defendant George exited the offices, they began walking in one another's direction. As they walked towards one another, M.G. had her head down looking at her phone.

20. Without M.G. making any furtive or threatening movements, and while M.G. still had her head down, Defendant George, with both hands, shoved M.G. into the door from which M.G. had just left thereby pinning M.G. against the door.

21. Upon shoving M.G. into the door, a brief struggle ensued during which Defendant George struck M.G. on or about her upper body or head.

22. Upon striking M.G., Defendant George grabbed M.G. about M.G.'s upper body and, with two hands, threw M.G. to the floor.

23. As a result of Defendant George's actions, M.G.'s head struck the floor with considerable force causing M.G.'s head to bounce off the floor.

24. M.G. was unable to break her fall or otherwise mitigate the impact of her head hitting the floor.

25. Defendant George made no attempt to break M.G.'s fall and instead landed on top of M.G.

26. Upon landing on top of M.G., Defendant George immediately straddled M.G. and remained sitting on top of M.G. who remained pinned to the floor in a supine position.

27. Defendant George continued to straddle M.G. for approximately fifteen seconds in a supine position.

28. At no time while Defendant George remained on top of her did M.G. make any threatening movements towards Defendant George or anyone else.

**Defendants Olivia and Pettis Violate M.G.'s Rights.**

29. Fearing for her safety and suffering from the effects of what would later be diagnosed as a concussion, M.G. attempted to get off the floor.

30. Upon M.G. attempting to stand up, Defendant Oliva, who had recently arrived on-scene, placed her knee in M.G.'s chest while M.G. was still supine and then proceeded to roll M.G. over into a prone position.

31. Upon placing M.G. into a prone position, Defendant Oliva placed her knee in M.G.'s back and pushed down upon M.G.'s body with her hands to hold M.G. in place.

32. At no time after placing her knee in M.G.'s back did M.G. make any threatening movements towards students or staff.

33. While Defendant Oliva was holding M.G. down, Defendants Georges and Pettis stood by only a few feet away.

34. At no point in time did Defendants George and Pettis attempt to intervene or otherwise direct that Defendant Oliva discontinue her unlawful use of force.

35. During this time, M.G. provided no resistance and made no threats towards students or staff.

36. Defendant Oliva continued to hold M.G. down in a prone position for approximately one (1) minute before allowing M.G. to sit up. During this time, Defendant

Pettis, who was standing two to three feet away and was otherwise unoccupied, made no effort to intervene.

37. Eventually, M.G. was allowed to leave the school grounds on her own.

38. The actions of Defendants George, Olivia, and Pettis violated State law and District Policy No. 6048 with respect to the use of physical restraint/force.

39. At no point in time did the Defendants provide or request any medical assistance for M.G.

40. As a result of the incident on September 28, 2022, M.G. suffered a hematoma on the back of her head.

41. In addition to the hematoma, M.G. suffered a concussion.

42. For several months after the September 28, 2022, incident, M.G. continued to suffer from the effects of her concussion including light-headedness and occasional spells in which she felt as though she was going to feint.

43. Moreover, for several months after the September 28, 2022, incident, M.G. continued to suffer vision problems, difficulty focusing and concentrating, and extended bouts of lethargy that negatively impacted M.G.'s social life and education.

44. In addition to her physical maladies, M.G. continues to suffer feelings of anxiety, embarrassment, and ostracization because of the Defendants' actions. As with her physical maladies, these mental and emotional injuries negatively impact M.G.'s social life and education.

**The Board Failed to Adequately Train its Employees in the use and Documentation of Force.**

45. The conduct of Defendant George towards M.G. was not an isolated incident. Instead, Defendant George and other District employees had previous physical altercations with other students while working at schools in the District.

46. These previous altercations violated State law and District Policy No. 6048.

47. These previous incidents were known to the Defendants and other employees of the Board prior to September 28, 2022.

48. As of September 28, 2022, Board employees, including the Defendants, were not adequately trained or supervised in relation to their use of physical restraint against students and the documentation thereof.

49. On occasions prior to September 28, 2022, and on subsequent occasions, District employees who were not properly trained and supervised in the use of physical restraint were allowed to use physical restraint.

50. Moreover, on information and belief, on occasions prior and subsequent to September 28, 2022, District employee who had used physical restraint against District students did not properly document the use of force and were not required to undertake further corrective training in accordance with State law.

51. The Board and District Superintendent Theresa Plascencia's knew, or should have known, that the failure to comply with State law and District policy no. 6048 would result in injury to District students.

52. As a result of the Board and Superintendent Plascencia's failure to adequately train and supervise District employees in the use and documentation of physical force, M.G. was injured.

**The Defendants Attempt to Cover-up their Conduct.**

53. As a result of the September 28, 2022, incident, the Defendants documented the incident in school memorandum.

54. In their synopsis of the incident, the Defendants attempted to cover up their conduct by falsely mispresenting the actions of M.G. and the Defendants.

55. Defendants' factual synopsis of the incident is clearly contradicted by school video capturing the incident.

56. In addition to the internal school memorandum, Defendant George and other employees of the Board gave statements to the Waukegan Police Department regarding the incident which was initially reported to the Waukegan Police Department by M.G. and her mother.

57. During the Waukegan Police Department's investigation, Defendant George and other employees materially mispresented the facts surrounding the September 28, 2022, incident.

58. As with their internal synopsis, the Defendants' summary of events is clearly contradicted by the school video of the incident and was designed to cover up their tortious actions.

59. The Defendants' actions in materially mispresenting the facts surrounding the September 28, 2022, incident was intentional, obstructed the investigation initiated my M.G. and her mother, and constituted a criminal act.

60. Despite Defendants' attempts to cover-up their conduct, Defendant George was eventually suspended for her role in the September 28, 2022, incident.

## COUNT I
### Excessive Force/Failure to Intervene in violation of the Fourteenth Amendment
### (Against the Individual Defendants)

61. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

62. In the manner described above, each of the above-named Defendants used excessive force against M.G. or were otherwise in a position to intervene in the use of excessive force but failed to do so.

63. As a result of the Defendants' conduct, M.G. was injured.

## COUNT II
### Unlawful Seizure/Failure to Intervene in violation of the Fourteenth Amendment
### (Against the Individual Defendants)

64. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

65. In the manner described above, each of the above-named Defendants seized M.G. and detained her without probable cause or were otherwise in a position to intervene in the unlawful seizure of M.G. but failed to do so.

66. As a result of the Defendants' conduct, M.G. was injured.

## COUNT III
### *Monell* Liability – Failure to Adequately Train and Supervise
### (Against the Board)

67. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

68. In the manner described above, the Board failed to adequately train and supervise District employees in the use and documentation of physical restraint.

69. As a result of the Defendants' conduct, M.G. was injured.

## COUNT IV
### Civil Conspiracy - Federal Law
### (Against the Individual Defendants)

70. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

71. As described more fully herein, the Defendants, in concert with one another, conspired to violate M.G.'s rights and in so doing each took a substantial step in furthering the conspiracy.

72. As a result of the Defendants' conduct, M.G. was injured.

## COUNT V
## Battery
### (Against the Individual Defendants)

73. Plaintiff incorporates each paragraph of this Complaint as fully started herein.

74. In the manner described above, each of the above-named Defendants, without legal justification and consent, made contract with M.G. of an insulting and provoking manner or otherwise aided and abetted the tortious conduct by knowingly and substantially assisting in the principal violation.

75. In the manner described above, the conduct of the above-named Defendants was undertaken with a deliberate intention to harm M.G., or an utter indifference to or conscious disregard for the welfare of M.G.

76. As a result of the Defendants' conduct, M.G. was injured.

## COUNT VI
## Unlawful Restraint/False Imprisonment
### (Against the Individual Defendants)

77. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

78. In the manner described above, each of the above-named Defendants, without legal justification and consent, restrained M.G.'s liberty of movement or otherwise aided and abetted the tortious conduct by knowingly and substantially assisting in the principal violation.

79. In the manner described above, the conduct of the above-named Defendants was undertaken with a deliberate intention to harm M.G., or an utter indifference to or conscious disregard for the welfare of M.G.

80. As a result of the Defendants' conduct, M.G. was injured.

## COUNT VII
### Negligence -Willful and Wanton Conduct
### (Against the Individual Defendants)

81. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

82. In the manner described above, each of the Defendants owed a duty to M.G. to ensure her health and well-being while on District property.

83. In the manner described above, each of the Defendants breach their duty to M.G. by engaging in a course of action which showed an actual or deliberate intention to cause harm or which, if not intentional, evidenced an utter indifference or conscious disregard for the safety of M.G., or otherwise aided and abetted the tortious conduct by knowingly and substantially assisting in the principal violation.

84. In the manner described above, the conduct of the Defendants was undertaken with a deliberate intention to harm M.G., or an utter indifference to or conscious disregard for the welfare of M.G.

85. As a result of the Defendants' conduct, M.G. was injured.

## COUNT VIII
### Civil Conspiracy -State Law
### (Against the Individual Defendants)

86. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

87. As described more fully herein, the Defendants, in concert with one another, conspired to violate M.G.'s rights and in so doing each took a substantial step in furthering the conspiracy.

88. As a result of the Defendants' conduct, M.G. was injured.

## COUNT IX
## Intentional Infliction of Emotional Distress
## (Against the Individual Defendants)

89. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

90. As described more fully herein, the Defendants, intending that their conduct would cause severe emotional distress or knowing that there was a high probability that their conduct would cause severe emotional distress, engaged in conduct that caused severe emotional distress to M.G. or otherwise aided and abetted the tortious conduct by knowingly and substantially assisting in the principal violation.

91. As a result of the Defendants' conduct, M.G. was injured.

## COUNT X
## *Respondeat Superior* Liability
## (Against the Board)

92. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

93. In the manner described above, the Board employed each named Defendant and controlled or had the right to control the conduct of each named Defendant.

94. In the manner described above, the conduct of each employee of the Board fell within the scope of the employer-employee relationship.

95. In the manner described above, the conduct of the Defendants was undertaken with a deliberate intention to harm M.G., or an utter indifference or conscious disregard for the welfare of M.G.

96. As a result of the Defendants' conduct, M.G. was injured.

## COUNT XI
### Indemnification
### (Against the Board)

97. Plaintiff incorporates each Paragraph of this Complaint as fully stated herein.

98. As described more fully herein, at all times relevant the individual Defendants were employees of the Board, were acting within the scope of their employment, and performed acts which violated state law thereby giving rise to the Board's duty to indemnify pursuant to 105 ILCS 5/10-20.20 and 745 ILCS 10/9-102.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendants, award compensatory damages, punitive damages, attorneys' fees, and costs, as well as any other relief this Court deems just.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully,

*/s/ T. Andrew Horvat*
Attorney for Plaintiff

*/s/ T. Andrew Horvat*
Attorney for Plaintiff
Horvat Law, LLC
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
312-803-4956
andrew@horvatlawllc.com