UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA LARA, on behalf of her minor daughter, M.G., | ) ) ) | No. 23 CV 3191 |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| | ) ) | |
| KIMBERLY GEORGE, *et al.*, | ) ) | |
| | ) | March 14, 2024 |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Plaintiff brings state and federal claims against school administrators Kimberly George, Amy Olivia, Kanisha Pettis (collectively, the "Individual Defendants") and the Waukegan Community Unit School District No. 60 Board of Education (the "Board") arising out of a physical altercation between her minor daughter M.G. and the Individual Defendants on September 28, 2022, at Waukegan High School. Before the court is the non-party City of Waukegan's (the "City") motion to quash a subpoena for documents Defendants served on the Waukegan Police Department ("WPD"). The City argues that complying with the subpoena would subject it to criminal and civil liability. For the following reasons, the motion is denied:

## Background

Plaintiff filed this lawsuit on behalf of her daughter M.G. in May 2023, alleging that the Individual Defendants engaged in the use of excessive force, civil

conspiracy, battery, and unlawful restraint and violated state law, and that the Board failed to intervene after Defendant George allegedly battered M.G. at school on September 28, 2022. (R. 1, Compl.) In December 2023, Defendants served a subpoena on WPD seeking: "[a]ny and all reports, documents, records and materials in the possession of [WPD] related to an incident that occurred on 9/28/22 at Waukegan High School . . . involving student [M.G.] . . . and . . . [Defendant] George." (R. 17, City's Mot., Ex. A.)[1] Defendants believe that the City has documents reflecting M.G.'s and Plaintiff's statements regarding the subject altercation. (R. 23, Defs.' Resp. at 3.) The City now moves to quash the subpoena.[2]

## Analysis

Federal Rule of Civil Procedure 45(d)(3)(A) provides that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." The party seeking to quash a subpoena has the burden to demonstrate that the information sought is privileged. *See Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). The City argues it should be excused from complying with the subpoena because the responsive records are privileged under: (1) the Illinois Abused and Neglected Child Reporting Act ("ANCRA"), 325 ILCS 5/1; and (2) the Illinois Juvenile Court Act

---

[1] The City attached a copy of the subject subpoena and redacted the student's name. (R. 17, City's Mot. Ex. 1 at 4.) Given the circumstances of this case and the date used in the subpoena, the court presumes that the student's name on the subpoena is M.G.

[2] Plaintiff did not file her own motion to quash the subpoena or any response in support of the City's motion.

2

("JCA"), 750 ILCS 405/1-1. (R. 17, City's Mot. at 1.) Defendants disagree and assert that the discovery they seek—statements M.G. or Plaintiff made to WPD regarding the subject altercation—is "highly relevant" to the claims and defenses in this case. (R. 23, Defs.' Resp. at 3-4.) Defendants ask the court to review any responsive records applicable under ANCRA in camera to determine if such records may be produced, (id. at 4), and to assess whether the responsive records constitute "juvenile law enforcement records," and if so, to allow them to move the Illinois Juvenile Court for an order requiring disclosure of the records, (id. at 5-6).

While federal courts look to state law to resolve privilege issues in diversity cases in which state law supplies the rule of decision, Fed. R. Civ. P. 501; *Dunn v. Wash. Cnty. Hosp.*, 429 F.3d 689, 693 (7th Cir. 2005), here, Plaintiff alleges that the Individual Defendants violated her daughter's Fourteenth Amendment rights, along with additional claims under federal and state law. (R. 1, Compl. at 9-13) As such, the court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331, and because they are the principle claims in this case, the court has discretion whether to apply state law privileges to the subpoena served on WPD. *Landon ex rel. Munici v. Oswego Unit Sch. Dist. #308*, No. 00 CV 1803, 2000 WL 33172933, at *2 (N.D. Ill. Feb. 13, 2000); Fed. R. Civ. P. 501 ("The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court."). For the reasons explained below, the court declines to do so. That said, the court

3

appreciates that ANCRA and JCA were enacted to protect minors from harassment and embarrassment, and thus places conditions on the responsive records to further that purpose. *See Doe ex. rel. Doe*, 2008 WL 681486, at *1 (comparing the underlying purpose of ANCRA with Federal Rule of Civil Procedure 26(c) and finding that while ANCRA was not strictly applicable, its purpose could be respected through precautionary measures).

### A. Illinois Abused and Neglected Child Reporting Act

The City argues that the subpoena must be quashed because the responsive records include allegations of child abuse and Defendants are not authorized to access these documents. (R. 17, City's Mot. at 4.) ANCRA says that records reflecting "reports of child abuse and neglect or records concerning referrals under this Act and all records generated as a result of such reports or referrals" shall be confidential unless an exception applies. 325 ILCS 5/11. However, access to these records may be granted by a court after an in camera inspection if "the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it." 325 ILCS 5/11.1(a)(8). Although the City asserts that the requested records include reports of child abuse and are therefore privileged under ANCRA, (R. 17, City's Mot. at 2), they may be necessary and relevant to the issues before the court in this case and the court finds an in camera review of the records unnecessary.

To resolve this question, the court looks to the substance of Plaintiff's complaint. Given the reasonable connection between the records WPD maintains

4

and the question of whether Defendants violated M.G.'s constitutional right, the court finds that the records in question are necessary and relevant to the issues pending before the court. Statements Plaintiff and M.G. made to WPD about the physical altercation on September 28, 2022, may not only offer more information about what took place and the identity of potential third-party witnesses to the altercation, they may also be admissible as party admissions and used for impeachment purposes. However, all documents the City produces in response to the subpoena are subject to an agreed protective order prohibiting the parties from using the materials except in connection with the prosecution or defense of this case and requiring the redaction of any child's name or other identifying information in any court filing in which they are used or referenced. (*See* R. 11, Agreed Confidentiality Order.)

**B.    Illinois Juvenile Court Act**

The City also contends that it need not produce the requested documents because they concern allegations of potential crimes committed by minors. (R. 17, City's Mot. at 5.) Under the JCA, juvenile law enforcement records that have not been expunged are presumed confidential and may not be made public unless an exception applies. 705 ILCS 405/1-7(A); *Landon,* 2000 WL 33172933, at *1. The JCA protects, among other things: "records of arrest, station adjustments, fingerprints, probation adjustments, the issuance of a notice to appear, or any other records or documents maintained by any law enforcement agency relating to a minor suspected of committing an offense." 705 ILCS 405/1-3(8.2). Records that

5

identify the minor as a witness or victim are not protected from disclosure under the JCA. *Id.* But if the records' context does not clearly indicate whether the minor was a victim or was investigated as an alleged juvenile offender, the court should consider whether shielding the records would protect the privacy of the minor or would instead shield possible misconduct from public view. *See NBC Subsidiary (WMAQ-TV) LLC v. Chi. Police Dep't*, 145 N.E.3d 70, 79 (Ill. App. Ct. 2019) (calling CPD's interpretation of JCA "overly broad" where CPD sought to keep information related to minor victim of fatal shooting by police confidential). Additionally, when "determining whether the records should be available for inspection, the court shall consider the minor's interest in confidentiality and rehabilitation over the moving party's interest in obtaining the information." 705 ILCS 405/1-7(C)(3); *see also Landon*, 2000 WL 33172933, at *2 (establishing that JCA did not bar juvenile records from discovery where information was relevant to case and sought only for discovery purposes and subject to a protective order).

Here, the City has not demonstrated that the JCA applies to the records Defendants seek. Further, any records reflecting Plaintiff and M.G.'s statements regarding the physical altercation are plainly relevant to this case. Although the City argues that "multiple" minors are identified in the responsive records, (R. 17, City's Mot. at 5), nothing in the complaint or in the City's motion indicates that minors other than M.G. were involved in the altercation. As such, these minors can only be considered witnesses to the altercation. In any event, requiring the parties

6

to redact the names and identifying information of all minors if such records are to be used in this case alleviates any privacy concerns.

## Conclusion

For the foregoing reasons, the City's motion to quash the subpoena is denied. The City is directed to designate the responsive records as "confidential" pursuant to the parties' protective order.

                **ENTER:**

                _____
                **Young B. Kim**
                **United States Magistrate Judge**